# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela Lee,                              :
                                         :
                    Petitioner           :
                                         :
              v.                         :  No. 905 C.D. 2022
                                         :  Submitted: March 3, 2023
City of Philadelphia (Workers'           :
Compensation Appeal Board),              :
                                         :
                    Respondent           :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: August 29, 2023

Pamela Lee (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) that granted the Petition to Modify Compensation Benefits (Modification Petition) of the City of Philadelphia (Employer) based on an Impairment Rating Evaluation (IRE), and modified Claimant's benefits from total to partial disability status. Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation Act (WC and Act, respectively),[1] altering the criteria for determining a claimant's disability status and providing that an impairment rating of

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

less than 35% constitutes a partial disability, and providing a credit for disability payments already made. Claimant maintains that Act 111 cannot be constitutionally applied to workers whose injuries occurred before October 24, 2018, the effective date of Act 111, and that Act 111 constitutes an unconstitutional delegation of legislative authority. We affirm.

According to a November 5, 2013 Notice of Compensation Payable, on October 21, 2013, Claimant sustained an injury in the nature of a right knee strain while in the course of her employment with Employer. *See* Reproduced Record (RR) at 55a-56a. On May 10, 2021, Employer filed the instant Modification Petition based on an IRE following an examination by Brian Walsh, D.O. (Dr. Walsh), on April 13, 2021. *See id.* at 5a-6a.

At an October 29, 2021 WCJ hearing, no testimony was taken, and Claimant did not object to the admission of Dr. Walsh's deposition and IRE Report. *See* RR at 48a-50a. Claimant also indicated that she was not presenting any evidence, and that the Modification Petition was being defended based upon a constitutional challenge. *See id.* at 50a-51a.

On February 8, 2022, the WCJ issued a decision which contained the following relevant findings of fact:

> 6. This [WCJ] has carefully reviewed Dr. Walsh's testimony and finds the same to be credible and persuasive regarding the impairment rating. In making such a determination, this judge relies on the following: Dr. Walsh performed an IRE utilizing the [Sixth Edition of the American Medical Association *Guides to the Evaluation of Permanent Impairment*, Second Printing (*Guides*)], he reviewed relevant records, performed a physical examination, and explained the steps he undertook to reach the impairment rating. His testimony is not rebutted by medical evidence.

2

7.  This [WCJ] finds that Claimant has an impairment of 9% based on Dr. Walsh's IRE and that [C]laimant's benefits are modified to [temporary partial disability (TPD)] as of April 13, 2021.  While Claimant preserved constitutionality arguments and objections, this [WCJ] cannot decide the constitutionality of Act 111.

RR at 14a.

Accordingly, the WCJ issued an order granting Employer's Modification Petition, and modifying Claimant's WC benefits to TPD effective April 13, 2021.  *See* RR at 15a.  The Board affirmed the WCJ's decision on appeal, and Claimant filed this petition for review of the Board's order.[2]

The only claim that Claimant raises on appeal is that the Board erred in affirming the WCJ's decision because the provisions of Act 111 are unconstitutional.  Specifically, Claimant argues that Act 111 violates her rights as guaranteed by the Remedies Clause of article I, section 11 of the Pennsylvania Constitution,[3] and the Non-Delegation Clause of article II, section 1 of the Pennsylvania Constitution.[4]

However, as acknowledged by Claimant in her appellate brief, this Court has previously rejected these precise constitutional claims.  As a result, we will not accede to Claimant's request to reexamine our prior precedent, and we rely upon the rationales expressed in our prior opinions to affirm the Board's order in this case.  *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa.

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] Pa. Const. art. I, §11.

[4] Pa. Const. art. II, §1.

3

2022); *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.2d 378 (Pa. 2021); *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020); *Hardik v. Community Health Systems (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 385 C.D. 2022, filed May 17, 2023); *Nadolsky v. UPMC Altoona Regional Health System (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1366 C.D. 2021, filed May 17, 2023).[5]

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[5] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pamela Lee, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 905 C.D. 2022 |
| | : | |
| City of Philadelphia (Workers' | : | |
| Compensation Appeal Board), | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 29th day of August, 2023, the order of the Workers'
Compensation Appeal Board dated July 29, 2022, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge